CHRISTIAN L. A. GERKEN, Appellant, Respondent, v. MAUDE NELSON, Respondent, Appellant.

Supreme Court, Appellate Term, Second Department, November 2, 1925.

Trial — Municipal Court of City of New York — motion to restore case to day calendar — appeal pending from order denying motion for jury trial — motion denied.

It was within the power of the trial justice, in the exercise of reasonable discretion, to deny plaintiff's motion to restore the case herein to the day calendar of the Municipal Court of the City of New York, where an appeal to the Appellate Term from an order denying defendant's motion for a jury trial was pending.

APPEAL from orders of the Municipal Court, Borough of Brooklyn, Sixth District.

*William H. Mansfield,* for the appellant, respondent.

*James F. Barber,* for the respondent, appellant.

PER CURIAM:

Appeal from order denying a jury trial dismissed with ten dollars costs.

Appeal from order denying motion to restore this cause to the day calendar dismissed, with ten dollars costs.

The court had the power to make the order denying trial by jury. The court also had the power in the exercise of reasonable discretion to deny the motion to restore the cause to the day calendar. In *Rossmann* v. *Serventi* (177 N. Y. Supp. 855) the cause was marked reserved generally by the court pending the determination of an appeal from an order oepning defendant's default. That appeal had been determined in favor of the respondent. There was, therefore, no reason whatsoever for not restoring the cause to the day calendar for trial. The effect of refusing to restore the cause to the day calendar was to deny the plaintiff his day in court. Here there was an appeal pending on the part of the defendant from an order denying a motion for a jury trial. It was the exercise of a reasonable discretion for the court to deny a motion to restore this case to the day calendar for trial while that appeal was pending. That it has been held by this court that the order denying the motion for a jury trial is not appealable to this court does not affect the reasonableness of the exercise of the court's discretion in denying the motion to restore the case because the court below may have been of the opinion that such an order was appealable. If so advised, plaintiff might apply for leave to renew the motion to restore the cause to the day calendar for trial.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.